By the Court,

Savage, Ch. J.
The question is, whether the plaintiff can have a new writ, or whether he is compelled to bring a new action ? It is re markable that so little is to be found on this subject, either in our own or the English books. In our own reports we find nothing, and in the English reports contradictory decisions. The old rule is stated by Adams, in his Treatise on Ejectment, p. 309. If the lessor be ousted by the defendant after possession delivered to him, upon a hab.fac.poss. and before the writ is returned and filed, he shall have a new writ or attachment; but if he be ousted by a s.tranger, he shall be driven to a new ejectment. The reason assigned for the distinction is this, that the defendant shall not by his own act keep the possession which has been recovered from him by due course of law ; but as to the stranger, there has been no trial between him and the plaintiff, and he may have the better title. In Goodright v. Hart, 2 Str. 830, the plaintiff had obtained judgment by prevailing upon the tenants not to appear; after writ of possession executed, the landlord prevailed upon the tenants tp attorn to him. The plaintiff moved for a new writ of possession, which the court refused, saying if, immediately after the writ executed, the tenants had attorned a new writ should have been issued, but not where the possession had been delivered for above a month, as it had in that case. In Rex v. Harris, Ld. Raym. 482, *185 Holt, chief justice, said if possession be delivered by hab. fac. poss. and that is avoided immediately, the party shall have a new writ.; but if, after restitution awarded, the party enjoys quiet possession, and then is removed by new force, he must resort to. a new remedy. In Kingsdale v. Mann, Salk. 321, 6 Mod. 27, possession was delivered about nine in the morning, and at six at night the plaintiff was forcibly put out of possession ; the court doubted whether a new writ *should issue. They said if the disturbance had been made before the officer had departed, an attachment would have been issued. Powell quoted a case where an entry upon the plaintiff was made the same day of the execution of the writ, and the court of C. P. granted a new writ; to which Holt answered, so they might, if the first writ were not returned, otherwise not. From this case the remedy would seem to depend upon the fact whether the first writ had been returned; and from the case in Strange, upon the plaintiff’s enjoying quiet possession for a month or more. But these cases and some others, it is supposed, were disregarded and perhaps overruled by the case of Doe v. Roe, 1 Taunt. 55, where the court held that an alias cannot issue after a writ is executed ; and it is added that if it could, the plaintiff, by not having the first writ returned, might retain the right of suing out a new writ, as a remedy for any trespass by the tenant within 20 years after the date of the judgment. In that case possession had been delivered to the plaintiff in February, and in October following the tenant forcibly entered. This last case is certainly not obligatory upon us, and all the older cases agree that where the entry upon the plaintiff is before the return of the writ, and such entry is by the tenant or under his title, the plaintiff is entitled to a new writ. In one case the court were willing to extend this remedy for a month; in another they doubted where the execution of the writ and the subsequent forcible entry were upon the same day. From the remark of Lord Holt, the writ in that case must have been returned before the motion was made; and he probably applied the reason given in 1 Taunt, that if the first execution is returned satisfied, there can be no alias. I am satisfied that the practice in this state has been to award a new writ of possession where the first has not been returned, where the defendant has entered upon the plaintiff’s possession. Decisions to that effect, I am confident, have been made within the last ten years ; such is also the recollection of Mr. Justice Sutherland, but no reported case is to be found. Some members of the bar have adopted the practice of drawing the writ of possession without any return day, and of not calling for a return, so that it may be re-executed as often as the defendant may forcibly enter upon the possession from %which he has been removed. No good reason, I apprehend, can be given why it should not be so. When a plaintiff has recovered and obtained possession by legal process, he should be protected until the possession shall be legally taken from him. The defendant may bring his action, if he has the better title. It is unnecessary to say whether this practice should extend to a stranger ; the same reason does not exist. In the case now before us, Alfred Pitcher is not a stranger; his title is derived from Hawley, and is the same title; and for the purposes of this motion, it must be considered as if the court had passed upon that title, and adjudged the plaintiff’s the better title. Hawley gave a confession, he was satisfied that he had no title. There is no collusion shown between him and the plaintiff.
The motion must be granted, with costs.